UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES – GENERAL

| Case No. | 2:26-cv-00272-MEMF-RAO | Date | April 17, 2026 |
|---|---|---|---|
| Title | *Zeus Realty Group LLC v. 1032 N Sycamore Owner LA, LLC et al* | | |

Present:   The Honorable:    Maame Ewusi-Mensah Frimpong

Damon Berry
Deputy Clerk

Court Reporter / Recorder

Attorneys Present for Plaintiffs:

Attorneys Present for Defendants:

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION TO EXPEDITE CONSIDERATION OF PENDING MOTION TO ALTER OR AMEND ORDER [DKT. NO. 27]**

This Court is in receipt of Plaintiff Zeus Realty Group LLC's Ex Parte Application to Expedite Consideration of Pending Motion to Alter or Amend Order. Dkt. No. 27 ("Application"). For the reasons stated herein, the Court hereby GRANTS the Application.

### I.    Factual and Procedural Background

On December 2, 2025, Zeus filed suit in the Los Angeles Superior Court. Dkt. No. 1-2. Zeus alleges: (1) declaratory relief-rent abatement; (2) breach of lease; (3) breach of quiet enjoyment; (4) breach of covenant of good faith and fair dealing; (5) injunctive relief, and (6) unjust enrichment. *See generally id.* The Complaint alleges that Defendant 1032 N. Sycamore Owner LA LLC ("Sycamore") failed to perform mandatory repairs, refused to pursue available insurance, and attempted to prosecute an unlawful detainer based on a facially defective notice-following a water pressure surge that caused damage to recording facility. *Id.* ¶ 1. Zeus and Sycamore had entered into a lease regarding the recording facility. *Id.* ¶ 9. On January 9, 2026, Sycamore removed the action to this Court. Dkt. No. 1.

On January 12, 2026, Zeus filed a Motion to Remand. Dkt. No. 4. On January 23, 2026, Zeus filed a Motion for Temporary Restraining Order. Dkt. No. 9. On January 28, 2026, Sycamore filed an Opposition. Dkt. No. 11. On January 30, 2026, Zeus filed a Reply. Dkt. No. 15. On February 23, 2026, the Court DENIED the Motion for Temporary Restraining Order and dismissed the Complaint without leave to amend. Dkt. No. 25 at 5.

On March 23, 2026, Zeus filed a Motion to Alter or Amend Order, requesting this Court to vacate portions of its February 23, 2026 Order, and remand this action. Dkt. No. 26. On March 27, 2026, Zeus filed the instant Application. Application. The Application requests that the Court vacate the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00272-MEMF-RAO | Date | April 17, 2026 |
|---|---|---|---|
| Title | *Zeus Realty Group LLC v. 1032 N Sycamore Owner LA, LLC et al* | | |

dismissal and remand the action to the Los Angeles Superior Court. *Id.* at 4. On March 27, 2026, Sycamore filed an Opposition. Dkt. No. 28 ("Opposition"). On March 30, 2026, Zeus filed a Reply. Dkt. No. 29 ("Reply").

**II.     Applicable Law**

A party filing an ex parte application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Ex parte applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co.*, 883 F. Supp. at 490. This Court's Civil Standing Order emphasizes this. Civil Standing Order, § XII ("[E]x parte applications are solely for extraordinary relief.").

**III.     Discussion**

**A.  Ex Parte Relief Is Warranted.**

As a threshold matter, Zeus has complied with Local Rule 7-19. Pursuant to Local Rule 7-19, a party must make reasonable efforts to notify the opposing party of the proposed ex parte application. C.D. Cal. L.R. 7-19.1. Here, Zeus notified Sycamore's counsel via email that Zeus intended to file the instant Application and provided its position. Application at 5. Sycamore indicated that it would oppose the Application. *Id.*

Zeus advances that the ex parte relief is proper on the basis that: (1) Zeus is without fault in creating the crisis requiring ex parte relief; and (2) Zeus will suffer irreparable harm as the action will be at a procedural deadlock without ex parte relief. *Id.* at 2.

First, Zeus provides that the Los Angeles Superior Court granted Sycamore's Ex Parte Application to Stay Proceedings pending a remand by this Court. *Id.* at 2-3, 9; Reply at 2. Because the Court's February 23, 2026 Order dismissed Zeus's Complaint for lack of jurisdiction without remanding the matter, Zeus asserts that it is not at fault for the procedural deadlock. Sycamore does not contend that Zeus is at fault for the procedural deadlock. Rather, Sycamore emphasizes that the circumstances do not constitute an emergency because Zeus was dilatory as it should have filed the Application following the February 23, 2026 Order rather than waiting over a month. Opposition at 4-5.

The Court's February 23, 2026 Order stated that "the Court lacks jurisdiction over Defendant,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:26-cv-00272-MEMF-RAO | Date | April 17, 2026 |
|---|---|---|---|
| Title | *Zeus Realty Group LLC v. 1032 N Sycamore Owner LA, LLC et al* | | |

and "the Complaint is dismissed without leave to amend." Dkt. No. 25 at 5. The Order did not remand the action to the Los Angeles Superior Court—the forum where this action was initiated. *Id.* On March 26, 2026, the Los Angeles Superior Court stayed the state action "until the federal court enters a remand order." Application at 9; Reply at 2. As a result, the action is currently at a procedural deadlock. As stated by Zeus, it is not responsible for the action's standstill as the state action has been stayed pursuant Sycamore's Ex Parte Application. Application at 7. Therefore, Zeus is not at fault for creating the crisis requiring ex parte relief. *Mission Power Eng'g Co.*, 883 F. Supp. at 490. In light of the Court's inherent power to reconsider its own decisions for sufficient cause, *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001), and determining that the Court should have remanded, rather than dismissed the action, the Court finds reason to amend the February 23, 2026 Order to cure the procedural deadlock.

Further, Sycamore's contentions that Zeus is manufacturing an emergency unavailing. Sycamore focuses on Zeus's lack of litigation conduct following this Court's February 23, 2026 Order. Opposition at 4-5. However, Zeus did not realize the ramifications of the February 23, 2026 Order until the Los Angeles Superior Court's March 26, 2026 Order staying the state court proceedings. As indicated by the March 26, 2026 Order, Zeus "proceeded to file a motion for summary judgment" in the Los Angeles Superior Court following this Court's dismissal. Application at 9. The Los Angeles Superior Court, recognizing that this Court has not remanded the action, vacated Zeus's motion for summary judgment, quashed Zeus's third-party subpoenas, and stayed the action—thereby placing Zeus on notice of the crisis requiring ex parte relief. In sum, the Court determines that the crisis arose on March 26, 2026 and given that Zeus filed the instant Application the following day, Sycamore's contention that Zeus is creating an emergency is not persuasive.

Second, Zeus has demonstrated that it will suffer irreparable harm absent ex parte relief. It argues that harm has already been realized because the Los Angeles Superior Court vacated Zeus's motion for summary judgment, quashed Zeus's third-party subpoenas, and stayed the action. Application at 2-3, 9. In response, Sycamore claims that Zeus has not pointed to any "rights [that] will be permanently extinguished" and "any alleged prejudice can be fully addressed through the normal adjudication" of Zeus's pending Motion to Alter. Opposition at 4.

The prejudice to Zeus extends beyond bypassing regular motion procedures. Given the absence of a remand order by this Court, which has caused the Los Angeles Superior Court to halt proceedings, the parties are "unable to proceed in any forum." Reply at 3. Although Zeus will be able to "refile its summary judgment motion, reissue the subpoenas, and propound anew discovery," Application at 9, the Court finds that it is against the interests of justice and statutory authorities to preclude Zeus from prosecuting its case, especially given that remand is mandatory under 28 U.S.C. § 1447(c). 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:26-cv-00272-MEMF-RAO | Date | April 17, 2026 |
|---|---|---|---|
| Title | *Zeus Realty Group LLC v. 1032 N Sycamore Owner LA, LLC et al* | | |

jurisdiction, the case shall be remanded."). Therefore, Zeus will suffer prejudice absent ex parte relief.[1]
*Mission Power Eng'g Co.*, 883 F. Supp. at 490.

### IV.    Conclusion

For the foregoing reasons, the Court hereby GRANTS Zeus's Ex Parte Application (Dkt. No. 27) and ORDERS as follows:

1. The Court VACATES portions of the February 23, 2026 Order (Dkt. No. 25) that dismiss the Complaint (Dkt. No. 1) without leave to amend and dismiss the action without prejudice.

2. The Court GRANTS Zeus's Motion to Alter (Dkt. No. 26).

3. This Court REMANDS this action to the Los Angeles Superior Court.

4. Zeus's Motions to Remand (Dkt. Nos. 4, 14) are DENIED AS MOOT.

**IT IS SO ORDERED.**

_____ : _____
Initials of Deputy Clerk              DBE

---

[1] The Court notes that Sycamore claims that granting Zeus's request would: "(1) Shorten [Sycamore's] time to prepare and respond; (2) Disrupt the Court's scheduling framework; and (3) Create unnecessary prejudice by forcing expedited briefing without justification." Opposition at 5. Sycamore, however, fails to explain how the expedited briefing schedule has affected its ability to sufficiently respond to the Application. *See generally id.* And the Court's scheduling framework is not disrupted by ex parte applications filed in accordance with the procedural rules and have meritable claims. Once remanded, Zeus will have to refile dispositive motions and discovery, which will proceed in accordance with standard scheduling. The Los Angeles Superior Court has made no indication that Zeus's potentially refiled motions and discovery will be placed on an expedited schedule. Accordingly, the Court finds Sycamore's contentions unavailing.